IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARMEN L. CRAWFORD, and ANTWANIQUE L. CRAWFORD, <br><br> Petitioners, <br><br> vs. <br><br> ANGELA FOLTS-OBERIE, <br><br> Respondent. | 8:23CV7 <br><br><br> MEMORANDUM AND ORDER |

This matter is before the Court on preliminary review of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 in this court on January 6, 2023, and signed only by Carmen L. Crawford ("Carmen") on behalf of her daughter Petitioner Antwanique L. Crawford ("Petitioner"). Filing No. 1.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must ... be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner...."). However, Carmen may pursue this habeas corpus action on behalf of her daughter if she can establish standing to proceed as her "next friend," which requires her to show (at least) the following two things:

> 1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability and the real party cannot therefore bring the action himself.
>
> 2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Frazierii v. Meyers*, No. 8:22CV104, 2022 WL 2511557, at *1 (D. Neb. June 16, 2022), *appeal dismissed sub nom. Frazier v. Meyers*, No. 22-2565, 2022 WL 18401459 (8th Cir. Aug. 26, 2022) (quoting *Whitmore*, 495 U.S. at 164).

To meet the next friend standard Carmen needs to establish both that her daughter cannot bring the Petition on her own and that she is dedicated to her best interests. Although Carmen states: "Petitioner was denied stamps to mailout [sic] petition and further at times being held incommunicado. In addition to being one of many Nebraska Prisoners being victimized by the enforcement of illegal doping of antipsychotic drugs," there is no indication that Petitioner is incapable of filing or signing the Petition on her own. Filing No. 1 at 15. In addition, the Court cannot presume a mother has her daughter's best interests in mind. Carmen needed to provide such a statement if she intended to proceed.

Moreover, there is no basis for this Court to conclude that Carmen is an attorney admitted to practice in this Court, *see* NEGenR 1.7(d) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court."). A license to practice law is required for Carmen to sign papers in place of, or to otherwise represent, parties other than herself. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A.

Miller, Federal Practice and Procedure § 1333, at 513, n.15 (2004)). As Carmen has not established Petitioner's incapacity and as Carmen is not otherwise able to represent Petitioner, if Petitioner wishes to challenge her conviction through federal habeas proceedings, then she may file a petition on her own behalf using the forms enclosed with this Memorandum and Order.

Finally, a petitioner cannot appeal an adverse ruling on her petition for writ of habeas corpus under § 2254 unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Petitioner has failed to make the requisite showing. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED:

1. The Petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

3. The Clerk of the Court is directed to send a blank Form AO 241 Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and an application to proceed without prepayment of fees to Petitioner Antwanique L. Crawford along with a copy of this Memorandum and Order.

Dated this 28th day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court